IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ONE-E-WAY, INC.*,*<br><br>        Plaintiff,<br>v.<br><br>ANKER INNOVATIONS LTD.<br><br>        Defendant. | CASE NO. 1:24-cv-01559-RP<br><br>**JURY TRIAL DEMANDED** |
| ONE-E-WAY, INC.,<br><br>        Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Defendants. | CASE NO. 1:24-cv-01561-RP<br><br>**JURY TRIAL DEMANDEDs** |

### AGREED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **September 8, 2025**, and each opposing party shall respond, in writing, on or before **September 22, 2025**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **October 22, 2025**.

3. The parties propose that the parties serve initial disclosures on or before **December 19, 2025**, 1 business day after the *Markman* hearing.

4. On or before **June 26, 2025**, Plaintiff shall serve a disclosure of asserted claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; a copy of the file history for each of the patents-in-suit. To the extent Plaintiff seeks to amend its contentions to add additional patent claims, Plaintiff must seek leave of Court so the Court can address any scheduling and procedural issues.[1]

5. On or before **August 14, 2025**, Defendant shall serve their preliminary invalidity contentions in the form of claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. Defendants shall also include an identification of any limitations that Defendants contend are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Defendants contend are directed to ineligible subject matter under 35 U.S.C. § 101. Defendants shall also produce all prior art referenced in the invalidity contentions and technical documents, including source code, sufficient to show the operation of the accused products.

6. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **October 9, 2025**.

7. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **May 7, 2026**.

8. The following schedule shall apply to claim construction proceedings in this case:

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so timely upon identifying any such material.

a) On or before **August 28, 2025,** the parties shall concurrently exchange a list of claim terms a party believes should be construed by the court and identify any claim element a party contends should be governed by 35 U.S.C. U.S.C. 112(f).

b) On or before **September 11, 2025,** the parties shall concurrently exchange proposed constructions. At the same time, the parties exchange their respective proposed claim constructions, they must also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and a preliminary identification of any expert witnesses they contend support their respective claim constructions. With respect to any expert witness, the parties must also provide a brief description of the substance of the witness' proposed testimony.

c) On or before **September 18, 2025,** the parties shall meet and confer to narrow the terms in dispute.

d) On or before **October 2, 2025**, Defendants shall file their Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

e) On or before **October 23, 2025**, Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The

page limit for the Responsive Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits

f) On or before **November 6, 2025**, Defendants shall file their Reply Claim Construction Brief with supporting evidence. The page limit for the Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g) On or before **November 20, 2025**, Plaintiff shall file its Sur-Reply Claim Construction Brief with supporting evidence. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h) On or before **December 11, 2025**, the parties shall submit optional technical tutorials to the Court and technical advisor (if appointed).

i) The Court shall hold a claim construction hearing on **December 18, 2025** or on a date at the Court's convenience.

9. The parties propose that fact discovery opens 1 business day after the *Markman* hearing on **December 19, 2025**.

10. The parties shall serve their Final Infringement and Invalidity Contentions **eight (8) weeks after the Court's issuance of its claim construction order**. After that date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to timely amend if new information is identified after initial contentions.

11. The parties shall complete fact discovery on or before **July 23, 2026**.

12. Each party shall, as to issues on which that party bears the burden of proof, file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **August 20, 2026**.

13. Each party shall, as to issues on which that party does not bear the burden of proof, file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **September 17, 2026**.

14. The parties shall complete expert discovery by **October 15, 2026**.

15. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be limited to 20 pages and made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **14 days** from the receipt of the written report of the expert's proposed testimony, or within **14 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

16. All dispositive motions shall be filed on or before **November 3, 2026** and shall be limited to 20 pages.

17. Responses to motions for summary judgment and motions relating to the reliability of an expert's testimony shall be filed and served on all other parties not later than 21 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 14 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

18. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

**The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

19.     This case is set for jury trial commencing at 9:00 a.m. on_____. Jury selection may occur the Friday before the case is set for trial.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED on _____, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE